IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MARY ANN WHITEHEAD, | ) | Case No. 05-50136 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**

This matter came before the Court for hearing on July 6, 2005 upon the Motion by the Trustee to appoint a Guardian Ad Litem (the "Motion") for Mary Ann Whitehead (the "Debtor"). The Debtor appeared at the hearing, and Bruce Magers appeared in his capacity as the Chapter 7 Trustee (the "Trustee"). Pursuant to the analysis below, the Court will appoint, for a limited purpose, a guardian ad litem for the Debtor.

Based upon the evidence presented at the hearing and a review of the entire official file, the Court hereby finds as follows:

FINDINGS OF FACT

On January 18, 2005, the Debtor filed a petition for relief under Chapter 7 in this Court. The Debtor's bankruptcy estate includes a condominium located at 101 Cloister Oaks Circle in Winston-Salem, North Carolina (the "Condominium").

On March 22, 2005, the Trustee filed an Application for Private Sale of Realty, which sought to sale the Condominium. On April 20, 2005, this Court entered an Order Granting the Motion for Private Sale of Realty. Prior to the completion of the sale of the Condominium, an attorney conducting a title search of the property discovered that the Debtor had been adjudicated an incompetent person by the Superior Court of Forsyth County, North Carolina, on September 8, 2004

(the "State Court Proceeding").[1] The Superior Court appointed Charles A. McGee, Jr. ("McGee"), the Debtor's son, as the guardian of the Debtor's person but not of the Debtor's business affairs.

On June 17, 2005, the Trustee filed this Motion to appoint McGee as the Guardian Ad Litem for the Debtor in this bankruptcy proceeding in order to complete the sale of the Condominium.

CONCLUSIONS OF LAW

The appointment of a guardian ad litem is an unusual and extraordinary request in a bankruptcy proceeding. Very few bankruptcy courts have addressed this issue. Only one reported decision could be found.

Incompetency is not defined in the Bankruptcy Code. In re Moss, 239 B.R. 537, 539 (Bankr. W.D. Mis. 1999). Two of the Federal Rules of Bankruptcy Procedure address incompetency. Bankruptcy Rule 1004.1 states that "the court shall appoint a guardian ad litem for an infant or incompetent person who is a debtor and is not otherwise represented or shall make any other order to protect the infant or incompetent debtor." Bankruptcy Rule 1016 states that in the event that a debtor dies or becomes incompetent, the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death or incompetency had not occurred.

The only reported decision analyzing this issue is In re Moss, 239 B.R. 537, 539 (Bankr. W.D. Mis. 1999). In Moss, the chapter 7 trustee moved to appoint a guardian ad litem for a pro se debtor after the debtor was convicted of bankruptcy fraud and was incarcerated. See id. at 541. The United States District Court found the debtor to be incapable of understanding the criminal proceedings filed against her or assisting in her defense prior to the trustee's motion. See id.

The Moss court determined that since there is no federal law on the determination of

---

[1] Superior Court of Forsyth County, North Carolina, Case Number 04 SP 1459

incompetency, which has traditionally been left to state law, the incompetency laws of the state of the debtor's domicile must be examined for guidance on the matter. See id. at 542. After determining that the appointment of a guardian ad litem would comport with Missouri law and upon consideration of the finding of the United States District Court that the debtor was incompetent to aid in her own criminal defense, the Moss court determined the debtor was incompetent. See id. at 543. The court hinged its analysis on Rule 1016 of the Federal Rules of Bankruptcy Procedure, which says that in the event that a debtor dies or becomes incompetent, the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death or incompetency had not occurred. After determining that the debtor was incompetent under Rule 1016, the Moss court relied on Section 105(a) of the Bankruptcy Code for the equitable power to appoint a guardian ad litem. See id. at 543. The Court specifically limited the appointment of the guardian ad litem for the general administration of the bankruptcy case and called it a "limited guardian." See id. at 545.

While the Moss analysis is helpful to the case at hand, it is also factually distinguishable. In Moss, the debtor's mental capacity did not come into question until after the bankruptcy proceeding was filed. Thus, the Court did not examine Rule 1004.1, which applies to a debtor that is incompetent pre-petition. Rule 1016, which was central to the Moss decision, does not apply to the case at hand. Rule 1016 applies to the death or incompetency of a debtor after the case has been filed. It does not address the filing of a petition by an incompetent person. See 4 Collier on Bankruptcy ¶ 1016.01 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. Rev. 2004).

North Carolina law defines an incompetent adult as "an adult or emancipated minor who lacks sufficient capacity to manage the adult's own affairs or to make or communicate important

3

decisions concerning the adult's person, family, or property whether the lack of capacity is due to mental illness, mental retardation, epilepsy, cerebral palsy, autism, inebriety, senility, disease, injury, or similar cause or condition." N.C. Gen. Stat. § 35A-1101(7). Section 35A establishes the procedures to determine the competency of a person and the appointment of a guardian. An "Order on Petition for Adjudication of Incompetence" was entered by the Superior Court of Forsyth County, North Carolina, wherein the Clerk of Superior Court found by "clear, cogent, and convincing evidence that the [respondent] is incompetent." Order on Petition for Adjudication of Incompetence, 04 SP 1459, September 8, 2004. This Court accepts the findings of the Superior Court regarding the competency of the Debtor and incorporates the same herein.

The Court weighed the testimony of McGee and the Debtor at the hearing. McGee testified that the Debtor was hospitalized for a few months for psychiatric treatment after the incompetency proceeding. He stated that the Debtor is doing better since her hospital release and is able to live on her own and to care for herself, including paying her own bills. He stated that the Debtor is capable of making some business decisions for herself but that she still needs his assistance in business matters. McGee opined that it was in the best interest of the Debtor to file this bankruptcy proceeding and that it is in the best interest of the Debtor for the Trustee to sell the Condominium.

The Superior Court Order that appointed McGee as the guardian of the Debtor stated that McGee has authority "to have the custody, care and control of the ward, but has no authority to receive, manage or administer the property, estate or business affairs of the ward." McGee testified that he moved to have the Debtor declared incompetent because she was having mental problems and needed assistance in making health care decisions. He stated that the issue of guardianship of the Debtor's property was never before the Superior Court. McGee testified that he was willing and

able to perform the duties of guardian ad litem for the Debtor in her bankruptcy.

The Debtor testified at the hearing that she manages her affairs by herself. She said that she wanted to sell the Condominium and thought that it was in her best interests to do so. When asked about the appointment of her son (McGee) as her guardian in this proceeding, the Debtor was inarticulate. She initially stated that she wanted her son appointed as her guardian in the bankruptcy. However, the Debtor then said that she did not think her son really looked out for her interests.[2] The Court sympathizes with the Debtor's plight, but her current mental state appears less than stable. From her demeanor and testimony at the hearing, the Debtor did not appear to be capable of making business decisions without the assistance of her son. The Court believes that McGee would act in the Debtor's best interests in this bankruptcy proceeding.

Another consideration in the appointment of a guardian ad litem in this case concerns the best interests of the Debtor. All parties agree, including the Debtor, that it is in the best interests of the Debtor for the Condominium to be sold. If the Condominium is sold by the Trustee at the contracted purchase price, then all encumbrances on the Condominium will be satisfied in full, the outstanding property tax debt will be satisfied in full, priority creditors will be paid in full, unsecured creditors will receive a substantial pro rata payment on their claims, and the Debtor will net $8,000.00 on her exemption claim. The Debtor and the Debtor's creditors will benefit. If the Court does not appoint a guardian ad litem with the authority to execute the sale documents, then the Condominium will likely be foreclosed upon. A foreclosure sale is unlikely to yield any excess funds with which to pay the priority tax debt, unsecured creditors, or the Debtor's exemption claim.

---

[2] The Debtor appeared to harbor ill feelings toward her son for his role in having her declared incompetent in the State Court Proceeding and/or admitting her to a hospital for psychiatric treatment. The Debtor stated that she was "shocked" that he put her in a hospital.

The Court concludes that the appointment of a guardian ad litem is appropriate pursuant to Rule 1004.1 of the Federal Rules of Bankruptcy Procedure and Rule 17 of the Federal Rules of Civil Procedure.[3]  Rule 1004.1 provides that "the court shall appoint a guardian ad litem for an infant or incompetent person who is a debtor and is not otherwise represented or shall make any other order to protect the infant or incompetent debtor."  Fed. R. Bankr. P. 1004.1.  Rule 17(c) provides that "the court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action . . ."  Fed. R. Civ. P. 17(c).  Cases interpreting Rule 17(c) look to the law of the state in which the subject is domiciled and follow the state's incompetency laws.  See, e.g., Matchem v. Frank, 998 F.2d 1009, 1010 (4th Cir. 1993)("state law determines whether an individual has the capacity to sue"); Siers v. Greener, 983 F.2d 1057, 1058 (4th Cir. 1993)(stating that West Virginia law would apply to the determination of incompetency).  As discussed above, North Carolina incompetency law supports the appointment of a guardian ad litem for the Debtor.

Pursuant to Section 105 of the Bankruptcy Code, Federal Rule of Bankruptcy 1004.1, and Federal Rule of Civil Procedure 17(c), the Court concludes that the Debtor is incompetent and that it is in the best interest of the Debtor to appoint McGee as her guardian ad litem for the following limited purposes.  First, McGee is authorized to make decisions for the Debtor in the administration of her bankruptcy proceeding.  Second, McGee is authorized to execute appropriate documents on behalf of the Debtor to effect the sale of the Condominium by the Trustee.

This opinion constitutes the Court's findings of fact and conclusions of law.  A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

---

[3] Pursuant to Rule 7017 and Rule 9014 of the Federal Rules of Bankruptcy Procedure, Rule 17 of the Federal Rules of Civil Procedure is applicable to contested matters.

Case 05-50136    Doc 31    Filed 07/22/05    Page 7 of 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

```
IN RE:                              )
                                    )
MARY ANN WHITEHEAD,                 )      Case No. 05-50136
                                    )
       Debtor.                      )
_____)
```

PARTIES IN INTEREST

R. Mike Wells, Esquire
Suite 200
155 Sunnynoll Ct.
Winston-Salem, NC 27106

Bruce Magers, Esquire
Chapter 7 Trustee
Suite 604-C
2990 Bethesda Place
Winston-Salem, NC 27103